# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20814
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 8, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIAN BOCANEGRA LUPIAN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-240-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Following a bench trial with stipulated facts, Julian Bocanegra Lupian was convicted for illegal reentry after removal in violation of 8 U.S.C. § 1326. He appeals the denial of his motion to dismiss the indictment.

He maintains that the order of removal for his removal proceeding was defective—and, thus, his removal was void—because the notice to appear did not state a date and time for the removal hearing; he alleges that the invalidity

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of his removal precludes it from being used to support his conviction for illegal reentry.  Also, he asserts that he may attack collaterally his order of removal pursuant to § 1326(d) because the insufficiency of the notice to appear—which invalidated the ensuing removal proceeding—excused him from establishing administrative exhaustion and deprivation of judicial review and rendered the proceeding fundamentally unfair.  He concedes that his claims are foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *cert. denied*, 2020 WL 2515686 (U.S. May 18, 2020) (No.19-6588), and *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *cert. denied*, 2020 WL 1978950 (U.S. Apr. 27, 2020) (No. 19-779), and indicates that he raises the issues to preserve them for further review.

The Government agrees that the issues are foreclosed by *Pedroza-Rocha* and *Pierre-Paul* and has filed an unopposed motion for summary affirmance. Alternatively, the Government requests an extension of time to file a brief.

Summary affirmance is appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  In *Pierre-Paul*, this court determined that a notice to appear that omits the date, time, or place of a removal hearing is not defective and, in any event, the defect would not be jurisdictional.  930 F.3d at 689-93. Applying *Pierre-Paul*, this court in *Pedroza-Rocha* concluded that the notice to appear was not deficient, that the purported deficiency would not deprive the immigration court of jurisdiction, and that the defendant had to exhaust his administrative remedies before he could collaterally attack his removal order. 933 F.3d at 496-98.  Accordingly, the arguments that Bocanegra Lupian raises on appeal are foreclosed.  *See Pedroza-Roch*a, 933 F.3d at 496-98; *Pierre-Paul*, 930 F.3d at 689-93.

No. 19-20814

Thus, the Government's motion for summary affirmance is **GRANTED**. The Government's alternative motion for an extension of time to file a brief is **DENIED**. The judgment of the district court is **AFFIRMED**.